The relief described hereinbelow is SO ORDERED.

Signed June 19, 2009.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

**LORI L. HODGES,**                                           **Case No. 07-22311**
        **Debtor.**                                                      **Chapter 13**

_____

**EZ LOANS OF SHAWNEE, INC.**
       **Plaintiff,**

      v.                                                                         **Adv. No. 07-6294**

**LORI L. HODGES,**
       **Defendant.**

_____

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ENTERING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT**

Plaintiff EZ Loans of Shawnee, Inc. ("EZ Loans"), filed a complaint objecting to

discharge of a debt under 11 U.S.C. §523(a)(2) and (6). EZ Loans seeks to except from

discharge a debt stemming from a September 15, 2007, payday loan in the principal amount of

$100.00. EZ Loans alleges Debtor Lori Hodges fraudulently and with false pretenses induced

09.06.19 EZ Loan v Hodges MSJ.wpd

Plaintiff to loan the money without intending to pay back the loan because Debtor filed for bankruptcy less than a month after the date of the payday loan. Further, EZ Loans presents evidence Debtor was contemplating bankruptcy prior to the date of the loan.

Debtor responded to Plaintiff's motion for summary judgment with a combined objection and motion to dismiss under LBR 7012.1. In the body of the response, Debtor further requests attorney's fees pursuant to 11 U.S.C. §523(d). Since Debtor's response and cross motion to dismiss post-date her answer, the Court shall consider the response as a cross motion for summary judgment. The response/cross motion satisfies the requirements of a summary judgment motion in both form and substance.

**Findings of Fact**

Debtor filed for bankruptcy on October 12, 2007. Debtor makes about $2,000.00 a month as a church janitor. She supports herself and a five-year-old son. Debtor's schedules show her necessary monthly expenditures are also about $2,000.00. Almost half of Debtor's monthly income pays two mortgages on her home. Debtor's schedules show several payday loan companies as unsecured lenders. Debtor scheduled about $19,000.00 in unsecured debt. Debtor's confirmed plan commits $163.00 monthly for the plan payment. The plan does not pay a dividend to unsecured creditors. EZ Loans did not object to Debtor's plan.

Debtor originally signed a payday loan application with EZ Loans on May 29, 2007. Debtor presented EZ Loans with a post-dated check for $115.00 in exchange for $100.00 cash. The interest rate was 391% APR. Every two weeks thereafter, Debtor returned to EZ Loans, paid $15 in interest, and entered a new contract for a $100.00 loan in exchange for a $115.00 post-dated check. Debtor continued this practice until September 15, 2007, when she wrote her

last post-dated check to EZ Loans for $115.00. The check was dated September 29, 2007. Debtor had paid EZ Loans $120.00 in interest as of September 15, 2007.

Coincidently, counsel who would eventually represented EZ Loans in this matter was pursuing debt collection remedies against Debtor on behalf of Noble Finance in August 2007. On August 21, 2007, counsel and Debtor met in state court on the unrelated collection matter. At that time, Debtor told counsel she was contemplating bankruptcy.

Meanwhile, beginning in June 2007, five lenders sued Debtor. Debtor's employer was served with a garnishment order on September 26, 2007. Debtor then closed her bank account in preparation for bankruptcy. Thus, when EZ Loans presented Debtor's check for payment on or after September 29, 2007, the check was dishonored. EZ Loans filed its dischargeability complaint on December 19, 2007.

Debtor's uncontroverted testimony states Debtor juggled several payday loans as she became increasingly unable to pay all the interest and pay for monthly necessities for herself and her son. The September 26 garnishment order brought Debtor to a crisis point and left her unable to continue without bankruptcy relief.

## Conclusions of Law

Proceedings to determine the dischargeability of a particular debt are core proceedings which grants this Court jurisdiction to enter a final order.[1]

### A. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates there is no genuine issue as to any material fact, and he is entitled to judgment as a matter of law.[2] Cross motions

---

[1] 11 U.S.C. §157(b)(2)(I).
[2] Fed. R. Bankr. P. 7056.

for summary judgment allow the Court to assume the only evidence to be considered has been submitted with the pleadings. However, cross motions are to be considered independently, and summary judgment is not appropriate if disputes remain as to any material fact.[3] All inferences drawn from undisputed evidentiary facts are to be construed in favor of the nonmoving party.[4] Only when reasonable minds could not differ as to the import of the proffered evidence is summary judgment proper.[5]

### B. Nondischargeable Debts Based on Fraud

Section 523(a)(6) does not state a claim for relief for EZ Loans in this case. Debts excepted from discharge under §523(a) may be discharged under Chapter 13 unless expressly excluded from discharge in §1328(a)(2). Section 523(a)(6) is not incorporated into §1328(a)(2); thus, EZ Loans fails to state a claim for relief by citing §523(a)(6).[6]

To prevail on a nondischargeability claim for fraud under 11 U.S.C. §523(a)(2), a creditor must prove by a preponderance of the evidence: (1) the debtor made a false representation; (2) the debtor intended to deceive the creditor; (3) the creditor relied on debtor's conduct; (4) the creditor's reliance was justifiable; and (5) the creditor was damaged as a proximate result.[7] Exceptions to discharge are construed narrowly.[8]

---

[3] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000).
[4] *Id.*
[5] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51 (1986).
[6] *See* 11 U.S.C. §1328(a)(2) which excepts from a non-hardship Chapter 13 discharge the following: "debts of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)." Subsection 523(a)(6) is noticeably absent.
[7] *In re Davis,* 246 B.R. 646, 652 (B.A.P. 10th Cir. 2000), *aff'd in part, vacated in part on other grounds*, 35 Fed. Appx. 826 (10th Cir. 2002). *See also In re Sibley*, 71 B.R. 147 (Bankr. D. Mass. 1987).
[8] *Grogan v. Garner,* 498 U.S. 279 (1991).

A dishonored check, standing alone, is not a false statement.[9] The creditor must also prove the debtor made a misrepresentation with the intent to defraud in direct connection with issuing the check.[10] In other words, the debtor must have fraudulently obtained money, property, services or credit in a contemporaneous exchange for a check which the debtor knew would not later be honored.[11]

EZ Loans' evidence does not sustain its burden of proof. Payday loan companies are in the business of providing loans to the insolvent. Payday lenders charge interest at a rate hovering around 400% because of the high-risk nature of their loans. Payday loan companies make these loans on the basis of post-dated checks, not on the strength of a credit report or a financial statement. The precarious nature of their customer's finances is known to such lenders. These lenders are almost never justified in relying on the borrower's assurances of repayment and a post-dated check. The only fact in EZ Loans' favor is the conversation about bankruptcy between Debtor and counsel just weeks prior to Debtor's final renewal of the loan. However, Debtor paid $120 in interest over four months. Debtor's conduct in making bi-weekly interest payments does not evidence a fraudulent intent. She paid the principal in full and almost 50% APR interest. The $20 interest paid in additional to the $100 principal is not the contractual interest rate, but it is an impressive return nonetheless. Debtor did not steal anything from EZ Loans. She was simply unable to afford the loan at 391% interest.

---

[9] *In re Davis,* 246 B.R. at 653, citing *Jarboe Sales Co. v. Degraffenreid (In re Degraffenreid),* 131 B.R. 178, 180 (Bankr. N.D. Okla. 1991); *Jack Master, Inc., v. Collins (In re Collins),* 28 B.R. 244, 247 (Bankr. W.D. Okla. 1983).
[10] *Id.*
[11] *Snap-on Tools Corp. v. Couch (In re Couch),* 154 B.R. 511, 513 (Bankr. S.D. Ind. 1992).

09.06.19 EZ Loan v Hodges MSJ.wpd

C.     **Debtor's Cross Motion for Costs and Attorney's Fees**

Debtor requests damages for the cost of defending the complaint pursuant to 11 U.S.C. §523(d).  Damages under 11 U.S.C. §523(d) are available for discharged consumer debts if the court finds the creditor's position was not substantially justified.  "Substantially justified" means based on facts which could satisfy a reasonable person.[12]

While EZ Loans fails to satisfy its ultimate burden of persuasion, EZ Loans' complaint was justified by the slimmest of margins.  There is a unique fact in this case.  Debtor actually told EZ Loans' counsel Debtor was contemplating bankruptcy just weeks prior to the date of the defaulted loan application.  Although EZ Loans' counsel was representing another client at the time of this conversation, counsel was engaged by EZ Loans a short time later to pursue the same Debtor.  Counsel could reasonably infer Debtor sought yet another loan after deciding on bankruptcy, thus presumptively demonstrating a fraudulent intent to obtain credit without any intention of repaying it. The conversation occurred just two weeks prior to the defaulted loan application and just over a month before Debtor's bankruptcy filing.   A reasonable person could be offended by this sequence of events and infer fraud.  Still, in view of all relevant circumstances, EZ Loans does not sustain its burden of proof.  The motion for §523(d) damages is denied.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED.  Debtor's Motion to Dismiss Pursuant to LBR 7012.1 is deemed a motion for summary judgment and is GRANTED.  Debtor's request for costs and attorney's fees is DENIED.  Each party shall

---

[12] *FIA Card Services, N.A., v. Flowers (In re Flowers),* 391 B.R. 178, 183 (M.D. Ala. 2008).

bear its own costs.

      IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS